IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MAY COLLINGS, | No. 83888-1-I |
| Appellant, | DIVISION ONE |
| v. | |
| SEATTLE DEPARTMENT OF CONSTRUCTION & INSPECTION, | UNPUBLISHED OPINION |
| Respondent. | |

SMITH, C.J. — The City of Seattle Department of Construction and Inspections cited May Collings for violating sections of the Seattle Municipal Code and the Seattle Residential Code. Almost a year after an order upholding the violations was issued, Collings filed a petition under the Land Use Petition Act (LUPA), chapter 36.70C RCW, in King County Superior Court. LUPA does not apply when local jurisdictions are required by law to enforce their ordinances in local forums, such as municipal courts. The superior court concluded this exception to LUPA applied and that it did not have subject matter jurisdiction over an appeal from a Seattle Residential Code violation and dismissed the case.

On appeal, Collings raises several issues. She contends that (1) the court erred in dismissing the case for lack of subject matter jurisdiction; (2) the court improperly conducted the motion to dismiss hearing; and (3) the court erred in denying her motion to reconsider the dismissal. Finding no error, we affirm.

FACTS

In February 2017, the City of Seattle Department of Construction and Inspections sent a letter to May Collings denying her application for an exemption from the City's Environmentally Critical Areas ordinance (ECAO), Seattle Municipal Code (SMC) Chapter 25.09, which regulates development in flood-prone areas, wetlands, riparian corridors, and other at-risk areas.  The City denied her application because of a stream running through her property, which would need to be protected in accordance with the ordinance.  In late 2018, Collings's building permit was approved with the condition that any development needed to include a 50-foot buffer between the house location and the stream.

In October 2019, the City received a complaint that Collings was constructing her house within the 50-foot stream buffer.  An inspection confirmed these allegations.  The City issued a notice of violation (NOV) in November 2019, citing violations of the Seattle Residential Code (SRC) and the ECAO.  The NOV required Collings to submit an "as-built site survey," a formal documentation of how the building was constructed.  Collings submitted the requested survey, which showed that the distance from the house to the west edge of the stream ranged between 42 and 43 feet.  The City then issued an amended NOV, providing Collings with options to correct the violation.  In response, Collings submitted a revision plan, including steps to mitigate any environmental damage caused by not following the approved building plans.  In March 2021, the City

issued a third NOV, which ordered Collings to make additional building corrections and noted corrections that she had already completed.

Collings sought review of the third NOV by the Department of Construction and Inspections Director.  The Director sustained the violations.[1]

Almost a year later, Collings filed a petition under the Land Use Petition Act (LUPA) in King County Superior Court seeking review of the Director's order.  The City moved to dismiss her appeal, arguing that the court lacked subject matter jurisdiction to hear the case and, in the alternative, that the appeal was untimely.

In accordance with COVID-19[2] guidelines in place at that time, the hearing on the City's motion to dismiss was conducted telephonically.[3]  However, a few moments into the hearing, Collings was temporarily disconnected.  After Collings was reconnected to the call, the judge summarized the arguments she had missed and gave the City the opportunity to provide any additional information it felt the court had not included.  The court then asked Collings if she was

---

[1]  Though the Director's order does not explicitly mention the ECAO, it is implicitly implicated by the stream buffer violation.  Collings was cited for not following the approved building permits—a violation of the Residential Code—by not including the stream buffer required by her building permit—an ECAO requirement.

[2]  COVID-19 is the World Health Organization's official name for "coronavirus disease 2019," a severe, highly contagious respiratory illness that quickly spread throughout the world after being discovered in December 2019.

[3]  Court Operations During the COVID-19 Pandemic, KING COUNTY SUPERIOR CT. (last updated Jan. 5, 2021), https://kingcounty.gov/courts/superior-court/get-help/COVID19.aspx.

prepared to proceed with the hearing, to which Collings replied, "Yes." At the end of the hearing, the court granted the City's motion and dismissed the case.

Collings filed several motions for reconsideration and accompanying notices of hearing on March 14 and 15, 2022, the last of which was noted for March 30, 2022, and then filed the present appeal on April 8, 2022.

ANALYSIS

We are presented with three issues on appeal. First, whether the trial court had subject matter jurisdiction over Collings's appeal under LUPA and, if so, whether the court properly dismissed the appeal. We conclude that the court had subject matter jurisdiction over a portion of Collings's appeal, but properly dismissed the entire case as her appeal was untimely. Second, whether court erred in conducting a telephonic hearing rather than a hearing via Zoom. We conclude that the court did not err and that Collings waived this issue by not raising it below. Finally, whether the court erred in declining to hear Collings's motion for reconsideration. Because Collings filed the present appeal before the court could rule on her motion, the court did not decline to hear the motion—it simply did not have the authority to do so once the appeal was filed.

LUPA

We first consider whether the superior court had subject matter jurisdiction under LUPA to consider Collings's petition. Collings asserts that the court had jurisdiction over her ECAO citation, but denies that she was cited under SMC Title 22, which is exempt from LUPA. She therefore argues that the court had

4

jurisdiction. The record demonstrates that she was cited under both provisions. While we agree that the ECAO violation is subject to LUPA—and that the court had jurisdiction over that citation—Collings's LUPA challenge was untimely. Thus, the court did not err in dismissing her petition.

LUPA is the exclusive means for obtaining judicial review of land use decisions. RCW 36.70C.030. A "land use decision" is

> a final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals, on . . . [a]n interpretative or declaratory decision regarding the application to a specific property of zoning or other ordinances or rules regulating the improvement, development, modification, maintenance, or use of real property.

RCW 36.70C.020(2).

A petition for review of a land use decision under LUPA must be filed within 21 days of the decision's issuance. RCW 36.70C.040(3). However, "when a local jurisdiction is required by law to enforce the ordinances in a court of limited jurisdiction," LUPA does not apply. RCW 36.70C.020(2)(c).

Here, Collings was cited for violations of SRC Sections R105, R106.8.4, R322, and SMC Section 25.09.065, which is part of the ECAO.[4] The SRC provides that any civil enforcement action "shall be brought exclusively in Seattle Municipal Court" and that "notices of violation issued under [the Code] are not subject to judicial review pursuant to [LUPA]." Therefore, the superior court did not have subject matter jurisdiction over Collings's SRC citations.

---

[4] The SMC incorporates the SRC under Title 22. SMC 22.101.010.

But unlike the SRC, the ECAO does not exempt itself from LUPA review. Rather, it provides that "[t]he provisions of [SMC] Section 23.88.020 are the exclusive administrative remedy for any determination by the Director under Chapter 25.09, except as otherwise specifically provided." SMC 25.09.017. SMC 23.88.020 states that

> [a] decision by the Director as to the meaning, application, or intent of any development regulation in this Title 23 or in [the ECAO] . . . is known as an "interpretation." . . . A request for an interpretation and a subsequent appeal to the Hearing Examiner, if available, are not administrative remedies that must be exhausted before *judicial review of a decision subject to interpretation may be sought.*

(Emphases added.) SMC 23.88.020 accordingly allows parties to seek judicial review of the Director's decisions relating to citations under the ECAO, but it does not require that review to occur in municipal court.[5] Consequently, because no provision limited review to being conducted in a court of limited jurisdiction, the superior court had subject matter jurisdiction over Collings's appeal of the ECAO violation.

But although the superior court erroneously believed that the ECAO citation was not subject to review under LUPA, it nevertheless properly dismissed Collings's challenge.[6] Collings filed her LUPA petition over 200 days after the

---

[5] This result is consistent with case law analyzing violations of ECAO under LUPA. See, e.g., Friends of Cedar Park Neigh. v. City of Seattle, 156 Wn. App. 633, 234 P.3d 214 (2010) (appeal from hearing examiner's decision involving Title 23 and ECAO analyzed under LUPA); Thornton Creek Legal Defense Fund v. City of Seattle, 113 Wn. App. 34, 52 P.3d 522 (2002) (SEPA and ECAO requirements addressed under LUPA).

[6] We decline to reach what the appropriate forum for review would be where one citation is subject to LUPA and the other is not.

Director issued its order—well outside LUPA's strict 21 day time limitation to file an appeal.

Telephonic Hearing

Collings contends that the hearing on her motion to dismiss was improperly held telephonically because she was initially informed it would be conducted via Zoom. She concedes, however, that she did receive subsequent notice that the hearing would be conducted telephonically in the form of an e-mail from the court that wound up in her spam folder.

It is important to note that Collings did not challenge the telephonic form of the hearing or claim that she received inadequate notice before the trial court. Under RAP 2.5(a), we may refuse to hear any claim of error not raised before the trial court. We conclude that Collings waived any challenge to notice or the hearing format by not raising an objection to those issues before the trial court.

Motion for Reconsideration

Finally, Collings asserts that the court erred by not ruling on her motions for reconsideration. The City argues that the court rejected Collings's last filed motion via a faulty document notice and that the motion was never properly noted. We disagree with both parties.

After the court granted the City's motion to dismiss, Collings filed several motions for reconsideration and related notices. The first two motions were filed on March 14, 2022 and noted for March 21, 2022. Neither of these filings complied with King County Local Civil Rule (LCR) 7(b)(4)(A), which requires

motions to be noted for hearing at least nine judicial days after the date the motion was filed. The third motion for reconsideration was filed on March 14 and the corresponding notice of court date was filed on March 15. This last motion was noted for March 30 and therefore complied with LCR 7(b)(4)(A). Collings also filed a document entitled "INDEX" on March 15, which was categorized by the court clerk as an "Other" filing. The clerk's office issued a faulty document notice on March 22, 2022, rejecting an "Other" filing for failure to comply with formatting requirements.

The City contends that notice of hearing was the only document filed on March 15 and that Collings failed to follow LCR 7(b)(4)(B), which directs parties to contact the court to schedule oral argument on dispositive motions. The City is mistaken. The case docket shows two filings on March 15—a notice of court date and an "Other" filing. And contrary to the City's assertion, a motion for reconsideration is not a dispositive motion. Rather, per LCR 7(6), motions to reconsider are governed by LCR 59, which provides that "[t]he motion will be considered without oral argument unless called for by the court." Thus, Collings properly noted her motion for reconsideration.

However, a week after the date the motion was noted, and before the court had ruled on her motion, Collings filed this appeal. Once Collings filed her appeal, RAP 7.2(e) prevented the superior court from ruling on her motion without first seeking permission from this court to do so. Because the court did

not rule on the motion prior to the appeal and could not rule on it after the appeal was filed, it did not err.

Affirm.

_Smith, C.J._

WE CONCUR:

_Mann, J._          _Dwyer, J._